UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RODRIGUE ABELLARD, JR.,            *
                                       *
        Plaintiff,              *
                                       *
        v.                  *     Civil Action 25-cv-11612-IT
                                       *
WILLIAM J. GAVIN, et al.,        *
                                     *
        Defendants.       *

ORDER

March 16 , 2026

TALWANI, D.J.

On June 2, 2025, Plaintiff Rodrigue Abellard, Jr., proceeding *pro se*, initiated this civil rights action by filing a Complaint [Doc. No. 1] asserting claims against numerous Defendants, including various state agencies, state court administrators, and private individuals.

The court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. No. 2] and conducted a preliminary review of the complaint. Mem. and Order [Doc. No. 5]. The court explained that Plaintiff's Complaint failed to comply with the pleading requirements of the Federal Rules of Civil Procedure:

> Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). This means that the complaint needs to sufficiently identify the alleged misconduct of each defendant so that he or she has fair notice of the nature of the claim the plaintiff is asserting and the factual grounds upon which it rests. See Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013). A "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).
>
> In determining whether the complaint provides a defendant adequate notice of the plaintiff's claim and shows that the plaintiff is entitled to relief, the court

only considers "well-pleaded" factual allegations. In other words, allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. at 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

Id. at 6 – 7.[1]

The court granted Plaintiff's Motion for Leave to Amend [Doc. No. 3]. Mem. and Order 12 [Doc. No. 5]. The court stated that if Plaintiff believes that he can assert such a claim, he may file an amended complaint which cures the pleading deficiencies of the original Complaint and states a plausible claim for relief. Id.

Plaintiff subsequently filed his Amended Complaint [Doc. No. 8].[2] Because Plaintiff is proceeding in forma pauperis, the Amended Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Amended Complaint [Doc. No. 8] identifies additional Defendants, now naming thirty-one Defendants including the Massachusetts Governor, Attorney General, one assistant attorney general, five state court judges, one former state court judge, one court administrator, an assistant clerk magistrate, the current and former Commissioners of the Department of Children and Families ("DCF"), three DCF supervisors, three DCF caseworkers, one DCF family support specialist, one DCF substance abuse coordinator, the Supervising Attorney at the Harvard Legal Aid ("HLA") Bureau, a court-appointed attorney for Plaintiff's child, the Superintendent of the John Silber Early Learning Center, three police departments,[3] the

---

[1] The court also outlined numerous legal impediments to Plaintiff's claims. Id. at 7 – 10.

[2] Plaintiff's pleading is entitled "Second Amended Complaint."

[3] The addition of Defendant police departments creates an additional legal impediment to Plaintiff's claims, as a police department is "considered a non-person" and, therefore, "is not a

mother of Plaintiff's child (the "mother"), and three individuals associated with the mother. Id. at ¶¶ 12 – 32, 34 - 39. In addition, the Amended Complaint is brought against five unknown HLA attorneys and 20 John/Jane Does. Id. at ¶¶ 33, 40. Although the Amended Complaint has fewer counts than the original 18, Plaintiff still asserts twelve counts: (1) 42 U.S.C. § 1983 – procedural due process (Fourteenth Amendment); (2) 42 U.S.C. § 1983 – substantive due process (Fourteenth Amendment); (3) 42 U.S.C. § 1983 – equal protection (Fourteenth Amendment); (4) 42 U.S.C. § 1983 – access to courts; (5) 42 U.S.C. § 1983 – retaliation (First Amendment); (6) 42 U.S.C. § 1983 – state created danger; (7) 42 U.S.C. § 1983 – supervisory liability; (8) 42 U.S.C. § 1983 – municipal liability; (9) 42 U.S.C. § 1983 – educational due process; (10) intentional infliction of emotional distress; (11) declaratory relief; and (12) prospective injunctive relief. Id. at 16 – 23.[4]

The Amended Complaint fails to cure the pleading deficiencies of the original Complaint. The Amended Complaint again fails to allege facts that give notice of any plausible claim for relief as to any Defendant. Except for the sparse factual allegations concerning Defendants Hemingway and Abeyta, see id. at ¶¶ 71 – 81, the Amended Complaint alleges no specific individual actions or inactions taken by individual Defendants and instead asserts allegations collectively against the Defendants. Although Plaintiff contends that each of the Defendants violated his rights, or conspired to do so, Plaintiff does not link specific factual allegations of wrongdoing to each Defendant. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his or her own individual actions, violated the

---

suable entity" for purposes of a § 1983 claim. Curran v. City of Boston, 777 F.Supp. 116, 120 (D. Mass. 1991).

[4] The Amended Complaint does address one legal defect previously identified by the court by clarifying that Plaintiff "does not seek an order vacating, reversing, or modifying any state-court judgment." Id. at 25.

Constitution). Even with the specific allegations concerning Defendants Hemingway and Abeyta, Plaintiff fails to spell out specifically how these two Defendants have violated his federal constitutional and statutory rights. In light of these pleading deficiencies, the court does not reach whether the other  previously identified legal defects have been remedied.

For these reasons, and for the reasons stated in the court's November 13, 2025 Memorandum and Order, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the foregoing, the court hereby orders:

1.    The Amended Complaint [Doc. No. 8] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    The Motion for Extension of Time to Complete Service [Doc. No. 9] and Notice and Request for Issuance and Service of Summons [Doc. No. 10] are DENIED as moot.

3.    The clerk shall enter a separate order of dismissal.

IT IS SO ORDERED.

 /s/ Indira Talwani
United States District Judge

Dated: March 16, 2026

4